Green *et al.*, *vs.* Jones *et al.*

---

WM. D. GREEN *et al.*, plaintiffs in error, *vs.* JOHN JONES *et al.*, defendants in error.

1. Confederate currency paid and credited on a note for its nominal value, extinguished the note to the amount of that nominal value.
2. In suits upon Confederate contracts, where there has been no rule of law violated, nor manifest injustice done, this Court will not control the discretion of the Court below, in refusing to grant a new trial.

Scaling Ordinance.   Motion for new trial.   Decided by Judge J. M. CLARK.   Lee Superior Court.   September Term, 1868.

This action was by the payees against the makers of the following paper:

" $68,750 00.                                DECEMBER, 1864.
By the first day of January next, I promise W. D. Green, Philip West, E. W. Liggon, Elizabeth Whitrett, and P. S. Hall, or bearer, the sum of sixty-eight thousand seven hundred and fifty dollars, in Confederate (The word Confederate was crossed by lines as if it was intended to be stricken out—REPORTER.) currency, and should the currency depreciate beyond its present value, it is to be estimated at is present value, and so paid.
"JOHN JONES, by Willis A. Jones
"W. A. JONES, SEC.
"C. B. CALLOWAY, SEC."

Upon it were indorsed the following credits:

Green *et al.*, *vs.* Jones *et al.*

"Rec'd on the within note thirty-five thousand one hundred and ninety-seven 50-100 dollars.   Dec. 20th, 1864.        PHILIP WEST."

"Rec'd on the within note ($30,000 00) thirty thousand dollars.   This the 25th day of February, 1865.        PHILIP WEST."

The effort of defendants on the trial was to scale the same by the Ordinance of 1865.

The plaintiffs read in evidence said paper, shewed by Philip West, that it was given between the first and the tenth of December, 1864, for a settlement of lands on Pachitla creek, Calhoun county, Georgia, containing thirteen hundred and seventy-five acres, which was worth $10 00 or $12 00 per acre before the war, has been worth that much since, and at the time of trial, was worth, he supposed, $6 00 or $7 00 per acre; that said credits were for Confederate currency, paid to himself, the amounts being shewn by the credits. Another witness, in behalf of plaintiffs, testified about as did West, as to the value of said land.   Two of the defendants testified that said land was not then worth over $2 00 per acre; that the fencing was bad, etc., and that they would take that price for their part of it.   With these agreed another witness.   The defendants, besides the evidence aforesaid, shewed that the word "Confederate" was stricken out of the original paper, so that it should be payable in either State or Confederate currency, and that $1 00 in gold, was worth, in Confederate currency, $32 00 on the 1st, $35 00 on the 15th, and $50 00 on the 30th of December, 1864, and $60 00 on the 1st, and $65 00 on the 15th of January, 1865, $50 00 on the 1st, and $46 00 on the 15th of February, 1865, and $55 00 on the 1st of March, 1865.   The plaintiffs' attorneys requested the Court to charge the jury thus: "You will find out, from the proof, the value of the several sums of money paid on the note, on the day that the note was made, and deduct therefrom the face of the note, if there was a decline in the value of Confederate money between the several periods, in accordance with the contract expressed in the note."   And further, that they could not take the value of the land then, but make up their verdict

on the basis of its value at the time the contract was made. The Court did not so charge, but charged:

1st. The credits upon the note, are an absolute and full extinguishment of the debt, to the amount of the credits.

2d. (Was a reiteration of first.)

3d. If you believe the note was payable in Confederate money, you can, in determining the amount of the balance due, take either the value of the land for which it was given, or the value of the Confederate money. Either mode is open to you. You can add to your finding, if you think proper, the difference between gold and the present currency.

4th. In coming to a conclusion, as to the mode of arriving at results, that is, whether you will make the land or the value of Confederate currency, the basis of your calculation, you can inquire as to the intention of the parties, as to the currency in which the same was to be paid. Either mode, the land or the currency, is open to you. The whole question is submitted to your consideration, and you may consider the value of the land or the currency *at any time.*

The verdict was for $219 02, with interest from 25th of February, 1865, and costs of suit, against said defendants. Thereupon, plaintiffs moved for a new trial, averring that the Court erred in refusing to charge as requested, and in charging, as specified above, and that the verdict was contrary to the evidence, etc. The Court refused a new trial, and this is assigned as error.

F. H. West, C. T. Goode, Vason & Davis, for plaintiffs in error.

W. A. Hawkins, Kimbrough, for defendants in error.

Warner, J.

The error assigned to the judgment of the Court below is, the refusal to grant a new trial upon the several grounds stated in the motion therefor. The charge of the Court to the jury, in relation to the credits on the note, is in accordance with the ruling of this Court, in *Mordecai vs. Stewart*, 36 *Geo. Rep.*, 126.

Upon looking through the record in this case, we find no error that will authorize this Court, according to its repeated adjudications in this class of cases, to control the discretion of the Court below in refusing to grant a new trial. Let the judgment of the Court below be affirmed.